UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM K. PETERSON, | ) | CASE NO. 1:05 CV 1552 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| MR. GANSHIERMER, <u>et al.</u>, | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

On June 6, 2005, plaintiff <u>pro se</u> William K. Peterson filed this action under 42 U.S.C. § 1983 against Lake Erie Correctional Institution Warden Mr. Ganshiermer, Deputy Warden Ms. Bobbet, Kitchen Supervisor Mrs. Wagner, and Quartermaster Mr. Seese. In the complaint, plaintiff asserts he was not furnished with the proper footwear which caused him to slip and fall. He seeks monetary damages and a pair of size 12 boots.

**<u>Background</u>**

Mr. Peterson is a prisoner incarcerated in the Lake Erie Correctional Institution. He is assigned to work in the prison's kitchen. Mr. Peterson claims that on April 14, 2005, he asked the Quartermaster for a pair of boots which he believed would have better traction on the kitchen floor than his sneakers. He was told no boots were available in his size and to inquire again in a few weeks. He sent

another kite to the Quartermaster on April 28, 2005 which he claims was returned unanswered. He was told on May 1, 2005 that the Quartermaster still did not have boots available in size 12.

Mr. Peterson brought his problem to the Deputy Warden of Operations on May 10, 2005. In his kite, he explained that he worked in the kitchen and had slipped more than once on the floor because he was wearing sneakers. He asked for intervention in obtaining boots. Deputy Warden Ms. Bobbet indicated she would contact the Quartermaster and "see what he can do for you." (Compl. Ex. Kite to Dep. Warden, dated May 10, 2005) Eight days later, Mr. Peterson slipped on a the wet kitchen floor spraining his wrist. He claims that although he still has not received the boots, he has been forced to return to work in the kitchen.

## Analysis

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must

be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden must be filed directly to the Office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(L). The decision of the Chief Inspector or designee is final. OHIO ADMIN. CODE § 5120-9-31(L).

There is no indication that Mr. Peterson exhausted his administrative remedies with respect to each claim asserted against each defendant named in this complaint. He alleges he completed an Informal Complaint Resolution form asking for boots to be issued to him but did not receive a response. He claims he asked for a grievance form but was not provided with one. Generally, if the prisoner is unable to continue with the grievance process because he cannot obtain a reply to a grievance or has been denied a form to appeal that decision, he has no other available avenues of relief and his administrative remedies are considered to be exhausted. Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004). However, he still must plead his attempt at exhaustion with specificity so that the court is able to determine the subject matter and the defendants against whom the unanswered grievance was

3

asserted. Mr. Peterson does not indicate to whom he sent the Informal Complaint or against whom it was stated. The grievance could have included allegations against the kitchen supervisor, the quartermaster, or both. It seems less likely that the Informal Complaint included claims against the Deputy Warden of Operations. Grievances against Warden Ganshiermer would have had to be sent directly to the Chief Inspector and there is no indication that Mr. Peterson attempted to file this type of grievance. Without specific information concerning the content of the Informal Complaint, the court cannot determine whether he exhausted his administrative remedies regarding any of the defendants named in this action. Consequently, Mr. Peterson has not met the requirements of §1997e.

## **Conclusion**

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

   /s Kathleen M. O'Malley----8/8/05
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.